UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:07-CR-1-R

UNITED STATES OF AMERICA,                                              PLAINTIFF

v.

TINA JENSEN,                                                          DEFENDANT

**OPINION & ORDER**

This matter comes before the Court on the Defendant, Tina Jensen's ("Jensen") motion (Docket #22) to appeal the order of Magistrate Judge W. David King ("Judge King") (Docket #17), finding that the Defendant is required to register as a sex offender. The Plaintiff, the United States of America ("Government") has responded to the Defendant's appeal (Docket #23). This matter is now ripe for adjudication. For the following reasons, the Defendant's appeal is **DENIED**.

**BACKGROUND**

On September 6, 2006, Jensen appeared before Judge King and entered a plea of guilty to sexual abuse in the 2nd degree by complicity, pursuant to KRS 502.020 and 510.120. Pursuant to KRS 620.010, Ms. Jensen had a legal duty to prevent the offense of sexual abuse against her daughter, E.J., a person less than fourteen (14) years of age at the time of incident. As part of her plea, Jensen admitted that: 1) she resided with her daughter and her then-husband on-post at Fort Campbell, Kentucky, from July 9, 2004 - August 31, 2004; 2) she was aware her daughter was involved in sexual activity with a third individual staying in the home; and 3), she failed to make a proper effort to intervene to prevent the sexual activity.

On December 6, 2006, Jensen was sentenced to a period of six (6) months probation and a fine of $250. As a special condition of supervision, the Court ordered:

>If determined applicable: The defendant shall comply with any sex offender registration laws of any state in which she resides, is employed, carries on a vocation, or is a student.

At the start of her probation, United States Probation Officer Amanda Webb ("Officer Webb") required Jensen to register as a sex offender. Through counsel, Jensen objected to this directive.

On January 10, 2007, a hearing was held in front of Judge King to determine whether or not Jensen should register as a sex offender. On January 22, 2007, Judge King entered an order requiring Jensen to register as a sex offender in Kentucky. This appeal followed.

## DISCUSSION

KRS 17.510(6) states:

>Any person who has been convicted in a court of any state or territory, a court of the United States, or a similar conviction from a court of competent jurisdiction in any other country, or a court martial of the United States Armed Forces *of a sex crime or criminal offense against a victim who is a minor and who has been notified of the duty to register by that state*, territory, or court, or who has been committed as a sexually violent predator under the laws of another state, laws of a territory, or federal laws, or has a similar conviction from a court of competent jurisdiction in any other country, shall comply with the registration requirement of this section, including the requirements of subsection (4) of this section, and shall register with the appropriate local probation and parole office in the county of residence within five (5) working days of relocation. No additional notice of the duty to register shall be required of any official charged with a duty of enforcing the laws of this Commonwealth. (emphasis added).

In addition, KRS 17.500(3)(a)(7) states that "criminal offense against a victim who is a minor" means "[s]exual abuse, as set forth in KRS 510.120 and 510.130." Here, the Defendant has entered a plea of guilty to sexual abuse in the 2nd degree in violation of KRS 510.120(b), which states that "[a] person is guilty of sexual abuse in the second degree when...(b) He or she subjects another person who is less than fourteen (14) years old to sexual contact."

However, the Defendant contends that because she pleaded guilty of KRS 510.120(b),

2

pursuant to KRS 502.020(1)(c) (complicity), she should have not to register as a sex offender because the Kentucky law does not require registration for individuals convicted under KRS 502.020(1)(c). She argues that Judge King mistakenly relied upon the Kentucky Supreme Court decision of *Parks v. Commonwealth*, which held that "'one who is found guilty of complicity to a crime occupies the same status as one being guilty of the principal offense,'" because *Parks* is distinguishable from the instant matter as the defendant in that matter involved someone who directly aided the principal offender. *Parks v. Commonwealth*, 192 S.W.3d 318, 326-327 (Ky. 2006)(quoting *Wilson v. Commonwealth*, 601 S.W.2d 280, 286 (Ky.1980)).

In *Parks*, the Kentucky Supreme Court, in an opinion by Justice Cooper, vacated a verdict by the Grayson Circuit Court, and held that the defendant could not have been convicted as complicit to the offense of intent to manufacture methamphetamine. *Parks* at 326-28. The Court ultimately held that because the evidence obtained against Parks were the fruits of an unlawful search and should have been suppressed, there was no evidence to support his conviction, and therefore, he could not have been convicted as complicit to that offense. *Id.* at 328-29. However, in also holding that "'one who is found guilty of complicity to a crime occupies the same status as one being guilty of the principal offense,'" the Court did not distinguish between a defendant whose actions "aided, abetted or counseled" the principal offender in comparison to someone who failed to exercise their legal duty. *Id.* at 326-27 (quoting *Wilson*, 601 S.W.2d at 286).

In *Wilson*, the Kentucky Supreme Court affirmed the verdict of the circuit court that found the appellant guilty of murder. *Wilson* at 281-82. The appellant and her accomplice were convicted of killing the appellant's husband. *Id.* at 282. While the accomplice (her lover) did the

3

actual shooting, the appellant drove the car to the location where her husband was killed, and she drove the accomplice away from scene after the murder. *Id.*  In addition, the appellant destroyed evidence after the murder took place. *Id.*

In rejecting the argument that "[a]ppellant's sentence must be vacated because she was sentenced for a crime for which she was not convicted," the Court stated that "[i]n Kentucky one who is found guilty of complicity to a crime occupies the same status as one being guilty of the principal offense. Therefore, there is no error when appellant was sentenced under the principal offense as she was actually tried and found guilty of the principal offense." *Id.* at 286.  Contrary to the assertion by Jensen, the Court did not address, rely upon, or emphasize whether the appellant directly aided, abetted, or counseled the principal offender in finding the appellant complicit to the crime.

In the instant matter, neither the statute nor the case law supports the rationale asserted by the Defendant that she should be exempt from registering as a sex offender.  The statute explicitly requires registration for sex offenders under KRS 510.120, and the statute does not exclude those who are guilty of being complicit to a sexual crime.  Additionally, the case law does not distinguish between someone who aids, abets, or counsels the principal offender verses someone who is complicit to the crime and/or does not fulfill their legal duty.  In both *Parks* and *Wilson*, the Kentucky Supreme Court directly held that "one who is found guilty of complicity to a crime occupies the same status as one being guilty of the principal offense," without any distinctions.

Further, in *Lane v. Commonwealth*, the Kentucky Supreme Court, in addressing the complicity of parent regarding her domestic companion's assault against her two (2) year old

child, held that KRS 620.010 "creates an affirmative duty for the parent of a child to prevent such physical injury which would result in an assault on that child." *Lane v. Commonwealth*, 956 S.W.2d 874, 875 (Ky. 1997). The Court went on to determine that "conduct based on the failure to act where there is a legal duty to act is still punishable pursuant to KRS 502.020(1)(c). *The legislature has clearly expressed their intent to punish those who through passive conduct allow physical injury to children.*" *Id.* at 876 (emphasis added).

Here, Jensen had an affirmative duty to protect her daughter. In pleading guilty of violating KRS 510.120(b), even pursuant to KRS 502.020(1)(c), Jensen must register as a sex offender as mandated by KRS 17.500(3)(a)(7). As noted *supra*, neither the case law nor the statute distinguishes between someone who directly aids, abets or counsels a principal offender verses someone who acts complicit by failing to fulfill their legal duty as a parent. Accordingly, the Magistrate Judge made the proper determination in affirming the order of Officer Webb to require Jensen to register as a sex offender.

## CONCLUSION

**IT IS SO ORDERED:**

The Defendant's Appeal of the Magistrate Judge's order (Docket #22) is **DENIED**.